## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Chapter 11 |
| Springs Medical Associates, P.C., | Case No. 20-bk-17026 |
| Debtor. | |

### MOTION TO COMPEL TURNOVER OF FINANCIAL RECORDS
### AND ASSETS OF THE BANKRUPTCY ESTATE

Debtor, Springs Medical Associates P.C., as debtor in possession in the above-captioned chapter 11 case (the "Debtor"), through its proposed counsel, WILLIAMS LLP, submits this Motion for Turnover of Property ("Motion for Turnover") pursuant to Section 11 U.S.C. § 542(a) and L.B.R. 9013-1 and requests that this Court compel Eric Papalini, Brenda Bartels, Esq., and Ms. Bartels' law firm, Hanes & Bartels LLC, to turnover Debtor's profit and loss statements, cash flow statements, income tax returns, statement of operations, and bank statements, among other financial records the Debtor owns. Debtor cannot prosecute its bankruptcy without the foregoing records. In support of this Motion for Turnover, the Debtor states as follows:

### **INTRODUCTION**

Under 11 U.S.C. § 541, any party in possession of property of the bankruptcy estate must turnover that property to the debtor in possession to allow the Debtor to reorganize its affairs and obtain the fresh start that the Bankruptcy Code promises. As

of the writing of this motion, creditors Eric Papalini, Brenda Bartels, Esq., and Hanes & Bartels, LLC have records of Debtor's bank statements, tax returns, profit and loss statements, cash flow statements, statements of operations, and balance sheets that is located at Debtor's offices and at other locations to which Eric Papalini, Brenda Bartels, Esq., and Hanes & Bartels, LLC have access and control. Debtor cannot complete its Statements of Financial Affairs ("SOFs") and its other schedules with obtaining the foregoing documents and properties of Debtor.

## FACTUAL BACKGROUND

Dr. Francis Joseph, M.D., formed and incorporated Debtor in 2014, under the Colorado Medical Practices Act, Colo. Rev. Stat. 12-240-101 *et seq*. Since its founding, Debtor remains wholly owned by Dr. Joseph. Debtor has locations in Pueblo, Colorado Springs, and in Denver and it provides primary care and geriatric care to underinsured and uninsured patients throughout Colorado. Debtor seeks reimbursement for its services from the Medicare and Medicaid Programs.

Debtor operated successfully until September 2019. In April 2019, TeamHealth, a medical provider of similar services as Debtor, closed its practice and left nearly 9,200 patients without access to medical care. In September 2019, Debtor absorbed TeamHealth's patients, but in absorbing TeamHealth's 9,200 patients, Debtor's expenses ballooned, which forced Debtor to seek loans to continue

operations. Unfortunately, the only loans available to Debtor at that time were loans from hard money lenders.

Equity First, a hard money lender, extended a $250,000.00 loan (the "Loan") to Debtor—at 30% interest per annum. The terms of the Loan are formalized in a Promissory Note (the "Note") dated September 4, 2020. *See* Note, at pg. 1, attached hereto as **Exhibit A**. In addition to the 30% interest, Springs Medical is required to pay a $15,000.00 loan fee, which is not considered payment toward the $250,000.00 loan balance. *Id*. If Debtor missed any payments, Equity First required Debtor to pay an additional 10% interest on the Loan if Debtor's payment was 5 or more days late. All told, when all payments to Equity First is calculated, whether under the Note or outside of the Note, the interest Debtor is required to pay Equity First exceeds the 45% usury rate threshold in Colorado.

In connection with making the Loan to Debtor, Equity First talked Debtor into have it served as Debtor's Chief Operating Officer ("COO"), representing that it would have Debtor operating as normal in no time. Convinced that Equity First had Debtor's best interest at heart, Dr. Joseph Executed a Joint Action by Written Consent of the Directors and Shareholders of Springs Medical Associates, Inc. ("Joint Action Agreement"). Under the Joint Action Agreement, Debtor appointed Eric Papalini, Equity First's representative, as Debtor's COO. (There is no indication from reading the Joint Action Agreement that it is supported by consideration.)

In that role, Debtor granted Eric Papalini the right to hire and fire employees, enter into transactions, make an obtain commitments on behalf of Debtor, and to manage money in Debtor's name. *See* Joint Action Agreement, at ¶¶ 1-3, attached hereto as **Exhibit B**.

Debtor and Equity First's relationship started to go bad around between late February 2020 and early March 2020. At that time, Equity First approached Debtor about ways Debtor could make additional money. Equity First proposed that Debtor submit additional billings to the Medicare and Medicaid Programs even if Debtor did not perform the work or even if the work was not necessary for the patient. Dr. Joseph declined and told Equity First that he would lose his medical license if he engaged in such a practice. Dr. Joseph also explained that although Debtor had incurred substantial expenses in absorbing TeamHealth's former patients, those expenses would soon tapper off and Debtor's cash flow would normalize. Equity First disagreed and Dr. Joseph terminated Eric Papalini.

Around April 2020, Equity First sued Dr. Joseph for terminating Eric Papalini. On a Motion for Preliminary Injunction, Equity First argued that Debtor could not terminate Eric Papalini. In a strange Order dated July 23, 2020, the District Court for El Paso County held that Equity First would not have extended the Loan had Debtor not executed the Joint Action Agreement. *See* July 23, 2020 Order, attached as **Exhibit C**. Thus, although the Order recognized that Dr. Joseph owned Debtor, the Court held that

the Joint Action Agreement controlled, and among other actions, enjoined Dr. Joseph from posting jobs for Debtor, from contacting Debtor's staff or providers, from contacting Debtor's patients, from accessing Debtor's patients information, from contacting Debtor's other creditors on which he had guaranteed, from taking loans for Debtor, among other prohibitions. *Id.* The Order did not include any reasoning, and, upon review of the docket, the Order appears to have been a proposed order submitted by Equity First, which was signed by the Court. Further, the Order does not account for the Colorado Medical Practice Act, which bars anyone other than a doctor from operating a medical practice.

Soon after the Order issued, Equity First stopped paying other creditors and those creditors began contacting Dr. Joseph, who had personally guaranteed all loans taken out with other creditors. In addition, as Dr. Joseph learned recently, Equity First transferred Debtor's patients to another practice called Summit Primary Care based on advice received from Ms. Bartels. Further, Equity First changed at least one of Debtor's office from 155 Printers Parkway to 75 Printers Parkway. Ms. Bartels is current under investigation by the Colorado Office of Attorney Regulation for her representation of Equity First.

## **ARGUMENT**

Section 541(a) of the Bankruptcy Code is broad and defines as Property of the Bankruptcy estate as any a debtor has in property. 11 U.S.C. § 541; see, e.g., *Lewis v. Hare*, 275 B.R. 586, 588-589 (Bankr. D. Colo. 2002) (construing § 541 and construing property of the estate broadly); *In re Grein*, 435 B.R. 695, 700-701 (Bankr. D. Colo. 2010) (citing with approval the bankruptcy Court's holding on section 541 and stating, "Moreover, the court noted that 11 U.S.C. § 541(a)(1) provides that a bankruptcy estate is comprised of all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy case.").

In addition, Section 542 requires an individual or entity in possession of property of the bankruptcy estate to turnover that property to the Debtor in Possession or the United States Trustee:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title [11 USCS § 363], or that the debtor may exempt under section 522 of this title [11 USCS § 522], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. §542.

Whatever reliance Equity First, Eric Papalini, Brenda Bartels, Esq., and Hanes & Bartels, LLC have placed on the July 23, 2020 Order from the El Paso County District Court, there is no dispute that Debtor is entitled to its financial records.

Specifically, the Debtor owns, and it is entitled to, its profits and loss statements, its tax returns, its most recent balance sheet, its cash flow statements, its statements of operations, and its financial records, among other documents. Declaration of Dr. Francis Joseph, M.D., at *passim*. In addition, Debtor is entitled to access to its bank and other accounts. *Id.* Debtor has demanded the foregoing from Equity First and Eric Papalini through their attorney, Ms. Bartels, but Ms. Bartels have declined to provide the relevant information. *Id.*

In a separate Motion, Debtor will seek its reasonable attorney's fees and costs against Equity First, Eric Papalini, Brenda Bartels, Esq., and Hanes & Bartels, LLC because they have violated the automatic stay by refusing to turnover Debtor's property. *See, e.g., Mwangi v. Wells Fargo Bank N.A. (In re Mwangi)*, 432 B.R. 812, 818, 822 (9th Cir. BAP 2010) (holding that, "failure to return property of the estate with knowledge of the bankruptcy is a violation of both the automatic stay and of the turnover requirements of the Bankruptcy Code.").

## **CONCLUSION**

Based on the foregoing, Debtor seek the turnover of its financial and other records to allow it to prosecute its Chapter 11 bankruptcy.

Date: October 28, 2020.

        **RESPECTFULLY SUBMITTED**

        /s/ T. Edward Williams, Esq.
        _____

        T. Edward Williams, Esq.
        WILLIAMS LLP
        7 World Trade Center
        250 Greenwich Street 46th FL.
        New York, New York 10007
        Tel: 212.634.9106
        Fax: 212.202.6228
        Email: Edward.williams@wmsintl.com
        *Proposed Attorneys for Debtor*